331 A.2d 656

**In re ADOPTION OF David William SUTTLE and Robert Donald Suttle.**

**Appeal of Thomas HOOKER and Betty Katherine Hooker.**

Supreme Court of Pennsylvania.

Argued May 20, 1974.

Decided Jan. 27, 1975.

Norman M. Yoffe, Harrisburg, for appellant.

Peter Andrews, York, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

PER CURIAM:

Decree affirmed. Each party to pay own costs.

ROBERTS, J., filed a dissenting oppinion in which JONES, C. J., joins.

ROBERTS, Justice (dissenting).

In my view, the trial court applied an incorrect legal standard in drawing conclusions from the record evidence. Therefore, I dissent.

Appellants are husband and wife who are seeking to adopt the wife's two children by a former marriage. Her former husband is appellee. Appellants petitioned for the involuntary termination of appellee's parental rights under section 311 of the Adoption Act.*

---

* Act of July 24, 1970, P.L. 620, art. III, § 311, 1 P.S. § 311 (Supp. 1974):
 "The rights of a parent in regard to a child may be terminated
 . . . on the ground that:
 (1) The parent by conduct continuing for a period of at least six months either has evidenced a settled purpose of relinquishing parental claim to a child, or has refused or failed to perform parental duties; . . . ."

The trial court found as a fact that appellee had failed to make any support payments since December, 1969, approximately 32 months prior to the filing of appellants' petition for adoption. That court concluded, however, that this failure to support was an insufficient ground to terminate appellee's parental rights. It stated:

"The duty of support is a primary and necessary duty for a father; however, we do not believe that the mere failure to support, in itself, is now a new and sufficient ground for the termination of parental rights under Section 311 of the new Adoption Act . . . . [S]uch dereliction, standing alone, was not sufficient to evidence an intention to relinquish parental rights under the former Adoption Act, and it would appear to us that if the Legislature had intended so radical a change in the law regarding the forfeiture of parental rights it would have clearly so stated in plain and simple language."

The Legislature has plainly and simply said so. The statute is absolutely clear that parental rights may be terminated upon proof that "[t]he parent by conduct continuing for a period of at least six months . . . has . . . failed to perform parental duties . . . ." Because parents indisputably have a duty to support their children, *Appeal of Diane B.*, 456 Pa. 429, 433, 321 A.2d 618, 620 (1974), it is difficult to conceive of how the Legislature could have more clearly stated that failure to support is a sufficient ground for involuntary termination.

The trial court apparently concluded that appellee's failure to support was excusable in view of his employment record. Appellee is a draftsman; difficulties in the aerospace industry resulted in his layoff by several successive employers. During part of the relevant period, he collected unemployment compensation.

I cannot agree that mere financial difficulty excuses failure to support. I would have thought that this was

incontrovertible in light of what we said in *Smith Adoption Case*, 412 Pa. 501, 505, 194 A.2d 919, 922 (1963):

> "Parental rights may not be preserved . . . by merely waiting for some more suitable financial circumstance or convenient time for the performance of parental duties and responsibilities . . . . The parental obligation is a positive duty and requires affirmative performance which may not be delayed beyond the statutory period by the parent if the parental right is not to be forfeited."

I assume that financial difficulty will diminish the amount required for fulfillment of the duty to support. However, complete failure to provide even a token amount is neither a "utiliz[ation of] those resources at his or her command" nor an "exercise [of] reasonable firmness 'in declining to yield to obstacles' . . . ." *McCray Adoption*, 460 Pa. 210, 217, 331 A.2d 652, 655 (1975).

In any event, there were substantial periods of time when appellee was able to perform his duty of support. He conceded as much at trial and acknowledged his lack of excuse:

> "Q. Why haven't you resumed any support payments, say for the year 1972?
>
> "A. For 1972, the first part of the year, I have no excuse. . . . I should have made an attempt. I didn't. . . . I shirked my duty."

Because it is clear that appellee has failed to perform his parental duties for at least the statutory period of six months, I would vacate the decree and remand with instructions to enter a decree terminating the parental rights of appellee.

JONES, C. J., joins in this dissent.